THOMAS K. CHESTER v. ANDREW C. WALTERS' ADM'R.

Where there were three defendants sued by citation merely as makers of a promissory note, two of whom had been served personally and one by publication, (Paschal's Dig., Art. 25, Note 223,) and answers were filed by the two served personally, but none as to the absentee, but the judgment recited that the defendants appeared, and the absentee prosecuted error, and alleged that a statement of facts had not been filed as required by law. (Paschal's Dig., Art. 1488, Note 580:) *Held*, that the service by publication was a legal service, and that, therefore, the recitation that the defendants appeared would be construed to apply to all the defendants, and that, where the defendant served by publication appears, no statement of facts is necessary.

APPEAL from Cherokee. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The facts in the record are sufficiently set forth in the opinion. There was no appearance for the plaintiff in error, and the defendant suggested delay. The point, as to whether service by publication could be legal, when the proceeding was not *in rem*, was not presented to the court.

WILLIE, J.—This is a suit against the principal and sureties upon a promissory note. It was alleged in the original petition that all the parties defendant were residents of Cherokee county, and citations for them issued to the sheriff of that county. Personal service was had upon the sureties, and there was a return of *non est inventus* as to the principal. Subsequently the plaintiff filed an affidavit to the effect that the defendant not served was absent from the State. A writ for said defendant then issued to the sheriff, which he was directed to serve by publication, and it was served in that manner, according to the direction of the statute. The parties upon whom personal service was had appeared and plead to the action, but there is no answer in the record which purports to have been filed by the defendant served by publication. There is in the record no state-

ment of the facts upon which the judgment was founded. The recital in the judgment, after stating the name of the case, is, in effect, that the parties appeared by their attorneys, and after having announced ready for trial, a jury came, and after hearing the testimony, returned a verdict for the plaintiff. Whereupon the court rendered judgment for the plaintiff, in accordance with the prayer of his petition, against all three of the defendants. To this judgment the defendant who was served by publication prosecutes this writ of error, and insists that the judgment should be reversed, because no statement of the facts upon which it is founded is incorporated in the record.

The statute requires such statement only where the cause has been heard *ex parte*, and not where the defendant has made an appearance in the suit. The judgment recites that the parties appeared and announced themselves ready for trial. Every reasonable intendment should be made in favor of the correctness of this statement; and we should presume in favor of the verity of the judgment, that all the defendants had appeared and submitted their cause to the jury before it was rendered. If there had been no legal service upon the plaintiff in error, this presumption would have been rebutted, and the conclusion would be that only the defendants properly served were before the court and answering to the action. This is, in effect, the rule laid down in Ward & Martin v. Latimer, Bagby & Co., 2 Tex., 247, and we are not disposed to depart from it in the present case. There is no error in the judgment, and it is

AFFIRMED.